By the Court, Cowen, J.
There can be no doubt that the proof of the verdict, was admissible, to show the amount of damages. The suit was stopped at that stage by the now plaintiffs giving their note forthe amount, which was taken in full satisfaction and discharge. A negotiable note so given and accepted, is equivalent to the payment of cash. So it would now probably be holden of a note not negotiable; but no objection was taken on this distinction.
The defendants were estopped to deny that Beekman executed the agreement by Webster, his attorney. The agreement was definitely recited in the bond as having been executed by him; and such a recital is primary proof of the verity of the agreement as against the defendants. It also shows that the now plaintiffs properly suffered the verdict in the former suit to.pass against them.
No notice of the former suit was necessary. The condition' of the bond was to pay, or save the plaintiffs harmless. Where parties, principals or sureties, stipulate for an indemnity in this form, a verdict recovered by reason of their default, is at least frima facie, not to say .conclusive evidence against them, though they 'had no notice. (Duffield *59 v. Scott, 3 T. R. 374.) Evidence respecting the suit was not necessary, except for the purpose of recovering the costs. The default of the defendants in not making payment, and actual payment by the plaintiffs, were otherwise proved.
I do not go over the cases which sustain the views we take; they were cited in the corase of the argument. Duffield v. Scott is full to the merits of the plaintiffs’ claim; and the technical questions are of common occurrence, and perfectly well settled.
' New trial denied.